UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

A.P. MOLLER-MAERSK A/S
d/b/a MAERSK SEALAND,

                Plaintiff,        06 Civ. 2778

   -against-                          OPINION

OCEAN EXPRESS MIAMI; CARGA GLOBAL,
SOCIEDAD ANONIMA; CANIZ INTERNATIONAL
CORPORATION; CANIZ LOGISTICA, SOCIEDAD
ANONIMA; and COMERCIALIZADORA DE
CALIDAD, SOCIEDAD ANONIMA (A.K.A.
QUALITY PRINT),

                Defendants.

------------------------------------X

A P P E A R A N C E S:

   Attorneys for Plaintiff

       FREEHILL, HOGAN & MAHAR, LLP
       80 Pine Street
       New York, NY  10005
       By:  Eric Einar Lenck, Esq.
            Willaim Joseph Pallas, III, Esq.

   Attorneys for Defendant, Comercializadora de
   Calidad, S.A. (a.k.a. Quality Print)

       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       30 Rockefeller Plaza, Suite 2400
       New York, NY  10112
       By:  Lisa M. Lewis, Esq.

   Attorneys for Defendant, Ocean Express Miami

       DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
       131 East 38th Street
       New York, NY  10016
       By:  Peter J. Zambito, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/14/10

**Sweet, D.J.**

Defendant Comercializadora De Calidad, S.A. ("Defendant" or "Quality Print") has moved to vacate the attachment obtained by Plaintiff A.P. Moller-Maersk A/S ("Plaintiff" or "Maersk") and alter and amend the Judgment, dated October 22, 2009 (the "Judgment"), directing garnishee banks to release Defendant's attached property to Plaintiff in satisfaction of the $2,578,880.88 Judgment entered in Plaintiff's favor.  Based on the Court's authority to coerce compliance with its civil contempt sanction and compelling equitable considerations, Defendant's motion is denied and the Court's November 4, 2009 Order suspending and staying the last paragraph of the Judgment is hereby vacated.

### I.    PRIOR PROCEEDINGS AND FACTS

The facts relating to the present dispute are summarized below.  Detailed descriptions of the circumstances giving rise to this litigation are set forth in the Court's opinions dated April 25, 2008, December 5, 2008, and August 18, 2009.  See A.P. Moller-Maersk A/S v. Ocean Express Miami, 550 F. Supp. 2d 454 (S.D.N.Y. 2008)

1

("April 25 Opinion"); <u>A.P. Moller-Maersk A/S v. Ocean Express Miami</u>, 590 F. Supp. 2d 526 (S.D.N.Y. 2008) ("December 5 Opinion"); <u>A.P. Moller-Maersk A/S v. Ocean Express Miami</u>, 648 F.Supp.2d 490 (S.D.N.Y. 2009) ("August 18 Opinion").

After filing a Complaint on April 10, 2006 and an Amended Complaint on August 22, 2006, Maersk obtained an Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment (the "Attachment Order") on August 31, 2006, in the amount of $650,000. Following service of the Attachment Order on several garnishee banks in the district, approximately $270,000 in electronic fund transfers ("EFTs") destined to or from Defendant were restrained.

Maersk filed a Second Amended Complaint ("SAC") on April 24, 2007. The SAC sought the following: (1) an injunction enforcing the forum selection clause in the contract of carriage; (2) damages arising from the commencement of actions in Panama prohibited by a service contract incorporated in the contract of carriage; (3) damages resulting from abuse of process in the actions in Panama; (4) a declaration that Maersk is not liable for any

damage to the printing machinery; (5) enforcement of limitations of liability pursuant to the United States Carriage of Goods by Sea Act ("US COGSA"), Pub. L. 16 No. 74-521, 49 Stat. 1207 (1936) (codified at 46 U.S.C. §§ 30701 et seq.); (6) damages for demurrage, storage, and other charges incurred on the containers; (7) attorneys' fees; and (8) indemnity from freight forwarders.

In the April 25 Opinion, the Court denied Quality Print's motion to vacate the attachment and to dismiss the SAC for lack of jurisdiction and failure to state a claim. See April 25 Opinion at 470.

In the December 5 Opinion, the Court enjoined Quality Print from proceeding with litigation related to damage to the shipment at issue in this case in any forum other than the United States District Court for the Southern District of New York, see December 5 Opinion at 533-35, and granted summary judgment in favor of Maersk on its fifth cause of action, thereby limiting Maersk's liability for damages under the contract of carriage to $2,500, id. at 532.

3

In the August 18 Opinion, the Court granted Maersk's motion for summary judgment on its second, third, fourth, and seventh causes of action.[1] See August 18 Opinion at 500. The Court also imposed civil contempt sanctions on Quality Print for its "clear and convincing" noncompliance with the December 5 Opinion enjoining Quality Print from proceeding with litigation in Panama and Guatemala. Id. At 500. As a result of Quality Print's abuse of process in obtaining grossly excessive security from Maersk and its continuing civil contempt, the Court sanctioned Quality Print and awarded damages in favor of Maersk. Id. at 500-01.

On October 22, 2009, the Court entered the Judgment against Quality Print in the amount of $2,578,880.88, representing Maersk's damages and attorneys' fees and costs incurred in the enjoined litigation in Panama and Guatemala. The final paragraph of the Judgment directs that "any garnishee bank holding property of Defendant QUALITY PRINT, upon receipt of a copy of this Judgment, is directed, forthwith, to release the full amount of any such funds to Plaintiff's counsel or at

---

[1] The Court denied Maersk's motion as to its sixth cause of action relating to demurrage, storage, and other charges. See August 18 Opinion at 499. Maersk has voluntarily discontinued that cause of action.

4

Plaintiff's counsel's direction, up to the full amount of the Judgment." (Judgment at 4.)

Quality Print has moved to vacate the attachment and alter and amend the Judgment in light of the Second Circuit Court of Appeals' decisions in <u>The Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd.</u>, 585 F.3d 58 (2d Cir. 2009) and <u>Hawknet, Ltd. v. Overseas Shipping Agencies</u>, 590 F.3d 87 (S.D.N.Y. 2009). On November 4, 2009, the Court suspended and stayed the last paragraph of the Judgment pending resolution of Quality Print's motion.

Quality Print's motion to vacate the attachment and alter and amend the Judgment was marked fully submitted on February 3, 2010.

## II. DISCUSSION

On October 16, 2009, in <u>Jaldhi</u>, the Second Circuit overruled <u>Winter Storm Shipping, Ltd. V. TPI</u>, 310 F.3d 263 (2d Cir. 2002), and held that "EFTs being processed by an intermediary bank in New York are not subject to Rule B attachment." 585 F.3d at 71.

5

Subsequently, in Hawknet, the Second Circuit held that Jaldhi is to have retroactive effect where applicable. 590 F.3d at 91. Here, Defendant argues that the law as stated in Jaldhi and Hawknet requires the attachment to be vacated.

Under the unique facts of this case, application of Jaldhi and Hawknet is not appropriate as vacatur of the attachment at this point would eviscerate this Court's civil contempt sanction, see August 18 Opinion, and reward Defendant in spite of its contempt of this Court.[2]

When a party is found to be in civil contempt of the Court, the Court has broad discretion to fashion a sanction that provides "full remedial relief" to the aggrieved party. McComb v. Jacksonville Paper Co., 336 U.S. 187, 193 (1949). The Court has broad authority to fashion a suitable remedy to enforce any reasonable sanctions it imposes. Atlantic Recording Corp. v. BCD

---

[2] In addition to relying on the Court's authority to enforce its contempt order and on the unique equities of the case, Maersk offered two arguments in its initial opposition for declining to apply Jaldhi. The first, that moving the funds into holding accounts converted them from EFTs to attachable bank credits, was subsequently rejected in the Southern District of New York. See, e.g., Gloria E.N.E. v. Korea Line Corp., No. 08 Civ. 2490 (JGK), 2009 WL 4016615, at *1 (S.D.N.Y. Nov. 14, 2009) ("No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached."). The second, that Jaldhi does not apply retroactively, was rejected by Hawknet. In subsequent filings, Maersk did not pursue these arguments.

Music Group, Inc., No. 08 Civ. 5201, 2009 WL 1390848, at *9 (S.D.N.Y. May 7, 2009) (the Court has "broad discretion to fashion sanctions to coerce compliance with its orders and compensate [the aggrieved party] for [the sanctioned party's] noncompliance" (quoting U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc., No. 02 Civ. 5828, 2005 WL 3766976, at *7 (S.D.N.Y. May 3, 2005)); N.A. Sales Co. v. Chapman Indus. Corp., 736 F.2d 854, 857 (2d Cir. 1984) ("A district court has broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions.").

In direct contradiction of the Court's December 5 Opinion, Quality Print refused to dismiss actions in Panama and Guatemala, causing Maersk sizable damages. Quality Print also refused to consent to a reduction in the unjustifiably large $10,000,000 security it required Maersk to post in those actions, costing Maersk a significant amount of money in lost interest. To enforce Quality Print's compliance with the December 5 Opinion, the Court fashioned a sanction in the August 18 Opinion and awarded Maersk monetary damages, the payment of which is to be effected by the EFTs restrained pursuant to the Attachment

7

Order. In light of this Court's authority to enforce compliance with its civil contempt sanctions, the attachment is properly upheld. See McComb, 336 U.S. at 193; Atlantic Recording, 2009 WL 1390848, at *9.

Furthermore, releasing the security obtained in this case would result in a gross inequity to Plaintiff. Without this security, Plaintiff can do nothing to prevent Defendant from hiding its assets or even dissipating entirely, rendering Plaintiff's victory pyrrhic and leaving it with a judgment the enforcement of which would be "an empty rite." Swift & Co. Packers v. Compania Colombiana del Caribe, S.A., 339 U.S. 684, 689 (1950).

Therefore, pursuant to this Court's authority to enforce its civil contempt sanctions against Quality Print and in light of the compelling equitable considerations at stake, Maersk is entitled to enforce the Judgment against the funds presently attached by the garnishee banks.

### III. CONCLUSION

Upon the facts and conclusions stated above, the motion of Quality Print to vacate the attachment and alter

and amend the Judgment is denied. The Court's November 4, 2009 Order suspending and staying the last paragraph of the Judgment is hereby vacated.

       It is so ordered.

**New York, N.Y.**
**April 14, 2010**

                                               **ROBERT W. SWEET**
                                                    U.S.D.J.